UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


CLINTON W. McCOY,

    Plaintiff,

v.                                              3:04-cv-71

ROANE COUNTY JAIL, et al.,

    Defendants.


**MEMORANDUM OPINION**


This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the defendants' motion to dismiss and plaintiff's response thereto. For the following reasons, the motion to dismiss [Court File No. 10] will be **GRANTED** and this action will be **DISMISSED**.


I.     Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be

regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.     Factual Background

Plaintiff is an inmate in the Roane County Jail. The defendants are Sheriff David Haggard and Captain Fay Hall.[1] Plaintiff's complaint concerns an alleged denial of medical care. Plaintiff alleges that he has serious injuries from a work-related accident, and is in constant pain and discomfort. According to plaintiff, defendant Hall refused to fill the pain medication that was prescribed by Dr. Boduch, saying plaintiff did not need it. Plaintiff also alleges he has not been allowed to see the proper doctor for his condition.

---

[1] Plaintiff listed the Roane County Jail and Captain Fay Hall as defendants in the style of his action. In the body of the complaint, plaintiff also referred to Sheriff David Haggard and Dr. Boduch as defendants. Because plaintiff made no allegations against Sheriff Haggard or Dr. Boduch which would state a claim for relief, the court did not consider those individuals as defendants, and they were not served with process. The Roane County Jail was dismissed by the court *sua sponte* because it is not a suable entity. Sheriff Haggard and Roane County, Tennessee, nevertheless, have joined in the motion to dismiss.

III. <u>Discussion</u>

Plaintiff did not state in his complaint whether defendants Hall and Haggard are sued in an official capacity or individual capacity. Accordingly, the court must presume that defendants Hall and Haggard have been sued in an official capacity only. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). Because the defendants have been sued only in an official capacity, the court must proceed as if plaintiff has in fact sued Roane County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail, plaintiff must demonstrate that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by Roane County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

> Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities. Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity.

*Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (citations omitted).

Plaintiff does not allege that the violation of his rights was the result of any policy or custom on the part of the county. Accordingly, defendants Hall and Haggard, and Roane County, Tennessee, are entitled to judgment as a matter of law.

IV.     Conclusion

The defendants are entitled to judgment as a matter of law. For that reason, the defendants' motion to dismiss will be **GRANTED**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

**AN APPROPRIATE ORDER WILL ENTER.**

                              *s/ James H. Jarvis*
                              UNITED STATES DISTRICT JUDGE

4